On December 12, 1990 the plaintiff, Wendi Kopsick, filed a CT Page 5536 one-count complaint against the defendant Yale University. The plaintiff alleges in her complaint that she was assaulted while en route between her dormitory and the Sterling Library. The plaintiff further alleges in her complaint, that the injuries she suffered from the assault were proximately caused by the defendant's negligence, inter alia, the failure to provide proper security measures.
On April 30, 1992, the defendant filed a motion to strike the plaintiff's one-count complaint pursuant to Practice Book 151, with an accompanying memorandum of law, on the ground that the defendant's alleged negligence was not, as a matter of law, the legal cause of the plaintiff's damages.
The plaintiff filed a memorandum in opposition to the defendant's motion on May 12, 1992.
A motion to strike is "a means of challenging the sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, provides that "[w]henever any party wishes to contest: (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted; or (2) the legal sufficiency of any prayer for relief in any such complaint . . .; (3) the legal sufficiency of any such complaint . . . because of the absence of any necessary party; or (4) the joining of two or more causes of action which cannot properly be unified in one complaint, whether the same he stated in one or more counts; or (5) the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof."
A court, in reviewing a motion to strike, "is limited to considering the grounds specified in the motion." Meredith v. Police Commissioner, 182 Conn. 138, 438 A.2d 27, 513 A.2d 66 (1986). "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Department,179 Conn. 541, 545, 427 A.2d 822 (1980): Mingachos v. CBS, Inc.,196 Conn. 91, 109, 991 A.2d 368 (1985). A successful motion to strike "must show that the court could not in the exercise or sound discretion permit the action to proceed." England v. Coventry,183 Conn. 362, 365, 439 A.2d 372 (1981).
The ground upon which the defendant seeks to strike the plaintiff's complaint, that the defendant's alleged negligence is not, as a matter of law, the proximate cause of the plaintiff's CT Page 5537 injuries, is not a proper ground for a motion to strike under Practice Book 152. Accordingly, the defendant's motion to strike is denied.
CT Page 5538