[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 20, 1993, the plaintiff, Glenn Little, filed ten count revised complaint against defendants Gary Booth, Kathleen Booth, and the East Hartford Board of Education (hereinafter "Board"). In the first count, the plaintiff alleges that the plaintiff was a student in the East Hartford school system and defendant Gary Booth was a teacher in the same school system. Plaintiff alleges that defendants Gary Booth and Kathleen Booth intentionally sexually assaulted the plaintiff, forced the plaintiff to engage in sex with others, and photographed plaintiff in sexually explicit poses. Plaintiff alleges that this intentional conduct occurred repeatedly from 1976 through 1990.
In counts two, three, and five, the plaintiff reiterates the allegations of the first count, and alleges, respectively, assault, intentional infliction of emotional distress, and negligent infliction of emotional distress against defendants Gary Booth and Kathleen Booth. In counts four and eight, respectively, the plaintiff alleges negligence and violation of 20 U.S.C. § 1681-1688 against defendant Gary Booth alone.
In the sixth count, the plaintiff alleges that the defendant Board was negligent in that it failed to use reasonable care in its supervision of defendant Gary Booth; in that it failed CT Page 9174 to use reasonable care in evaluating defendant Gary Booth's unfitness to teach; in that it failed to take action to prevent injury to plaintiff; and in that it failed to use reasonable care in supervising school activities. Plaintiff alleges that the defendant Board knew or should have known that defendant Gary Booth was engaged in inappropriate conduct with the plaintiff, because a number of defendant Gary Booth's actions put the defendant Board on notice of his conduct, including one instance in which a vice-principal found the plaintiff and defendant Gary Booth locked in a room together, and several instances in which defendant Gary Booth had sex with adult males in his classroom. Plaintiff alleges that the defendant Board failed to act, even though it knew or should have known of defendant Gary Booth's conduct.
In the seventh count, the plaintiff reiterates the allegations of the sixth count, and alleges that the defendant Board was negligent pursuant to the theory of vicarious liability. In the ninth count, the plaintiff reiterates the allegations of the sixth count, and alleges that the defendant Board discriminated against the plaintiff on the basis of his sex through defendant Gary Booth's sexual harassment. Plaintiff alleges that this discrimination violates 20 U.S.C. § 1681-1688. In the tenth count, the plaintiff reiterates the allegations of count six, and alleges that defendant Gary Booth acted in the course of his employment as a teacher. Plaintiff alleges that the defendant Board is liable to the plaintiff for damages pursuant to General Statutes 10-235.
On January 28, 1993, the defendant Board filed a motion to strike the sixth, seventh, ninth, and tenth counts of the plaintiff's revised complaint. The defendant Board's grounds for its motion to strike as to the sixth count are that the defendant Board is immune from suit pursuant to the doctrines of sovereign and governmental immunity; that the plaintiff's suit is barred by the statute of limitations, General Statutes 52-584; and that defendant Gary Booth's conduct "was the proximate cause of any injury sustained by the plaintiff and intervenes to prevent a basis for asserting relief with respect to any negligence of the Board." The defendant Board's ground for its motion to strike as to the seventh count is that defendant Gary Booth's alleged conduct was so extreme that it cannot be considered to be within the scope of his employment or in furtherance of the defendant Board's interests. The defendant Board's grounds for its motion to strike as to the ninth count are that the plaintiff's suit CT Page 9175 barred by the applicable statute of limitations, General Statutes52-577 and that "[m]oney damages may not be awarded under [20 U.S.C. § 1681-1688] in the absence of pleading intentional discrimination by the Board." The defendant Board's ground for its motion to strike as to the tenth count is that General Statutes 10-235 only provides "relief as a basis for recovery . . . by way of indemnification, which is not alleged in this [c]omplaint." Attached to the defendant Board's motion to strike is a supporting memorandum of law. On March 3, 1993, the plaintiff filed a memorandum of law in opposition to the motion strike. On March 8, 1993, the defendant Board filed a reply memorandum. The parties argued the motion at Short Calendar on March 8, 1993, and, at Short Calendar, the parties agreed that the court may strike the seventh count.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 147, 561 A.2d 432
(1989). The motion to strike admits all facts well pleaded and those facts necessarily implied from the allegations. D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 208, 520 A.2d 217
(1987). It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 34, 37, 527. A.2d 1235 (1987). The court must construe the facts alleged in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). In passing upon a motion to strike, the trial court should only consider the grounds specified by the moving party; Blancato v. Feldspar Corp., supra, 44; Morris v. Hartford Courant Co., 200 Conn. 676, 682, 513 A.2d 66 (1986).
1. COUNT SIX
A. Sovereign Immunity
The defendant Board argues that when a board of education performs education functions, it acts as an agent of the state, and is therefore protected by sovereign immunity. The plaintiff argues that a board of education does not act as an agent of the state when it acts in a supervisory capacity, therefore, the defendant Board is not protected by sovereign immunity in the present case.
"The protection afforded by [the doctrine of sovereign immunity] has been extended to agents of the state acting in its CT Page 9176 behalf." (Citations omitted.) Cahill v. Board of Education,187 Conn. 94, 101, 444 A.2d 907 (1982). "A town board of education can be an agent of the state for some purposes and an agent of the municipality for others. . . . A town board of education thus potentially enjoys immunity under two different theories of immunity for acts carried out within its governmental capacity." (Citation omitted.) Heigl v. Board of Education, 218 Conn. 1,3-4, 587 A.2d 423 (1991).
"Local boards of education act as agents of the state when fulfilling the statutory duties imposed upon them by the legislature in light of the state constitutional mandate to furnish public education." (Citation omitted.) R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 218, 504 A.2d 542 (1986). "In determining whether a local school board is afforded the protections consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to control or interfere with the activities of the state." (Internal quotation marks omitted; citations omitted.) Id.
"Each town shall through its board of education maintain the control of all the public schools within its limits. . . ." General Statutes 10-240. "Local boards of education act on the behalf of the municipality, then, in their function of maintaining control over the public schools within the municipality's limits." (Citation omitted.) Cheshire v. McKenney, 182 Conn. 253, 258-59, 438 A.2d 88 (1980); see also R.A. Civitello Co. v. New Haven, supra. When acting on the behalf of the municipality, local boards of education are not shielded by the doctrine of sovereign immunity. See, e.g., Kosloff v. Fairfield County Council of Boy Scouts of America, 6 CTLR 88 (February 25, 1992, Spear, J.) (sovereign immunity does not bar claim against school board that minor plaintiff was injured while roller skating on school grounds, since board was not acting as a state agent in maintaining control over the school); Johnson v. Williams, Superior Court, Judicial District of Fairfield at Bridgeport, Docket Number 24 70 69 (February 25, 1992, Spear, J.) (sovereign immunity does not bar claim that minor plaintiff was struck on the head by a pole which supported sports equipment while watching a basketball game on school grounds, since the board was not acting as a state agent in maintaining control over the school). But see Arvoy v. City of Stamford, 2. Conn. L. Rptr. 317 (August 21, 1990, Lewis, J.) (sovereign immunity does bar claim against school board that plaintiff was assaulted by another student and suffered personal injuries, since board of education, CT Page 9177 while performing its education functions, is a state agent).
It is submitted that in the sixth count, the plaintiff's allegations concern the defendant Board's function of maintaining control over the school, because the count includes allegations that the defendant Board failed to properly supervise its employee, defendant Gary Booth, and that the defendant Board failed to properly supervise school activities. Hence, it is submitted that the defendant Board was not acting as a state agent, and the doctrine of sovereign immunity does not bar the plaintiff's claims of the sixth count. Accordingly, the court denies the motion to strike the sixth count on the basis of sovereign immunity.
B. Governmental Immunity
The defendant Board argues that governmental immunity shields the Board from liability, because a board of education carries out a governmental function when it provides education. plaintiff argues that governmental immunity is not a valid because the plaintiff has alleged the breach of a ministerial duty.
 Generally, governmental immunity must be specially pleaded. Practice Book 164. Gauvin v. New Haven, 187 Conn. 180, 184
(1982). If, however . . . . it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to Brown v. Branford, 12 Conn. App. 106, 111
n. 3 (1987).
Belanger v. Town of Glastonbury, 3 Conn. L. Rptr. 478 (April 1991, Freed, J.).
"`Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion CT Page 9178 as to the propriety of the action.' (Citations omitted.)" Heigl v. Board of Education, supra, 5, quoting Gauvin v. New Haven,187 Conn. 180, 184, 445 A.2d 1 (1982). "`"[A] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. . . ."' (Citations omitted.)" Heigl v. Board of Education, supra, 4-5, quoting Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167, 544 A.2d 1185
(1988); see also Tango v. New Haven, 173 Conn. 203, 204-05,377 A.2d 284 (1977); Wright v. Brown, 167 Conn. 464, 471, 356 A.2d 176
(1975).
The determination of whether an act is governmental or ministerial is a factual question. Gauvin v. New Haven, supra, 186; Tango v, New Haven, supra. The determination of whether a municipal government's supervision of its employees is a governmental or ministerial act is a question of fact which cannot properly be decided on a motion to strike. Rodrigues v. Plante, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 39 90 27 (October 4, 1991, Burns, J.).
In the present case, the sixth count includes allegations that the defendant Board failed to use reasonable care in its supervision of defendant Gary Booth and that the defendant Board failed to use reasonable care in evaluating defendant Gary Booth's unfitness to teach. The determination of whether these Board functions are governmental or ministerial is a question of fact which cannot properly be decided on a motion to strike. Accordingly, the court should deny the motion to strike the sixth count on the basis of governmental immunity.
C. Statute of Limitations
The defendant Board argues that the sixth count is the statute of limitations, General Statutes 52-584, because the alleged abuse and the defendant Board's alleged negligence commenced in 1976, and the complaint was filed in 1992, more than three years after the occurrence of the alleged negligence. The plaintiff argues that the sixth count is not barred, because General Statutes 52-577d, the statute of limitations for damages caused to a minor by sexual abuse, is applicable. The defendant Board responds that General Statutes52-584 is applicable, and cites portions of the legislative history of 52-577d which indicate that the statute is only applicable to the perpetrator of the abuse. The defendant Board also argues that 52-577d does not apply to negligent actions CT Page 9179 which permit abuse to occur, because this statute states that it applicable "[n]otwithstanding the provisions of 52-577," the statute of limitations for torts other than negligence. Hence, the defendant Board argues that if the legislature had intended that 52-577d apply to negligent actions which permit abuse to occur, it would have stated that 52-577d is applicable notwithstanding 52-577 and 52-584.
Generally, a claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense. Pratice [Practice] Book 164; Forbes v. Ballaro,31 Conn. App. 235, 239, ___ A.2d ___ (1993).
 The `advantage of the statute of limitations cannot be taken by [a motion to strike]. . . . [T]he objection to this mode of pleading is that it raises no issue' and `deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgement.' O'Connor v. Waterbury, 69 Conn. 206, 210, 37 A. 499 (1897). A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense. Hitchcock v. Union New Haven Trust Co., 134 Conn. 246, 248, 56 A.2d 655 (1947). In two limited situations, however, we will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when `[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer.' Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 171-72, 127 A.2d 814 (1956). The second is where `a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right-it is a limitation of the liability itself as created, and not of the remedy alone.' DeMartino v. Siemon, 90 Conn. 527, 528-29, 97 A. 764 (1916).
Forbes v. Ballaro, supra, 239-40. CT Page 9180
In the present case, the parties have not agreed that the complaint sets forth all facts pertinent to the statute of limitations issue, and the sixth count alleges common law negligence. Accordingly, neither exception to the rule prohibiting the use of a motion to strike to raise the defense of the statute of limitations is applicable. Hence, the court should deny the motion to strike the sixth count on the basis of the statute of limitations.
D. Proximate Cause and Intervening Act
The defendant Board argues that the defendant Board's alleged acts or omissions are neither the actual cause nor the proximate cause of the plaintiff's alleged injuries. The defendant Board argues further that the actions of defendants Gary Booth and Kathleen Booth were a superseding cause which relieves the defendant Board of any potential liability.
Plaintiff argues that his allegations are sufficient to demonstrate both actual and proximate cause. Plaintiff argues that the superseding risk doctrine would relieve the defendant Board from liability only if the harm was not within the scope of risk created by this defendant's conduct. Plaintiff argues that this requirement is not satisfied because the harm to the plaintiff was within the scope of risk created by the defendant Board's failure to properly supervise defendant Gary Booth.
1. Actual Cause
"`In order for legal causation to exist, actual cause or cause in fact, as well as proximate cause, must be present. . . . Actual cause requires allegations that state that the particular injury would not have occurred in the precise way that it did occur without the defendant's conduct.' (Citations omitted.)" Hall v. Winfrey, 27 Conn. App. 154, 158, 604 A.2d 1334
(1992), quoting Coste v. Riverside Motors, Inc., 24 Conn. App. 109,112, 585 A.2d 1263 (1991).
In the sixth count, plaintiff alleges, inter alia, that "[d]efendant Gary Booth forced [p]laintiff to have sex with him at East Hartford High School between 1976-78, while [p]laintiff was a student at East Hartford High School, during regular school hours in the back room of his classroom as well as in driver's education automobiles." Plaintiff also alleges that CT Page 9181 the defendant Board was negligent in that it failed to properly supervise defendant Gary Booth and in that it failed to properly supervise activities conducted on school grounds or activities which made use of school vehicles.
The plaintiff's allegations state that he would not have been abused by defendant Gary Booth on school grounds and in school automobiles without the defendant Board's negligent supervision of its employees and school activities. Accordingly, the plaintiff has alleged that his injuries were actually caused by the defendant Board's negligence.
2. Proximate Cause
 Proximate cause . . . is defined as an actual cause that is a substantial factor in the resulting harm. . . . The determination of proximate cause is ordinarily a question of fact for the trier; it becomes a question of law only when the mind of a fair and reasonable person could reach only one conclusion. . . The question should be submitted to the trier of fact if there is room for a reasonable disagreement.' (Internal quotation marks omitted; citations omitted.)
Hall v. Winfrey, supra, 158, quoting Coste v. Riverside Motors, Inc., supra, 114.
The defendant Board cites Doe v. Manheimer, 212 Conn. 748,563 A.2d 699 (1989). In Doe, the plaintiff brought negligence and nuisance actions against the defendant landowner for personal injuries which the plaintiff suffered as a result of sexual assault which occurred on the defendant's property. Id., 749-50. The plaintiff asserted that the defendant failed to remove overgrown bushes from his vacant lot, and that the vacant lot was located in a high crime area. Id., 750. The plaintiff asserted that had the overgrown bushes not been present, the area where the assault occurred would have been visible to passersby, consequently, the plaintiff asserted, the overgrowth was the cause of the assault. Id. The supreme court upheld the trial court's decision granting the defendant's motion to set aside the verdict. Id., 748. CT Page 9182
 The `scope of the risk' analysis of `proximate cause'. . .applies where . . . the risk of harm created by the defendant's negligence allegedly extends to an intervening criminal act by a third party. . . . `[A] negligent defendant, whose conduct creates or increases the risk of a particular harm and is a substantial factor in causing that harm, is not relieved from liability by the intervention of another person, except where the harm is intentionally caused by the third person and is not within the scope of the risk created by the defendant's conduct. . . . `[T]ortious or criminal acts may in themselves be foreseeable. . . . and so within the scope of the created risk. . . .'
(Emphasis in original: citations omitted.) Id., 759.
The supreme court declined to accept the plaintiff's argument that the assailant's act was within the "scope of the risk" created by the defendant's conduct, since the plaintiff's argument "envisages the rapist's conduct as . . . a predictable response or `reaction to the stimulus of situation. . . .'" Id., 761. Only reasonably foreseeable intervening misconduct can considered to be within the "scope of the risk." Id. The court held, as a matter of law, that the defendant's conduct was not a proximate cause of the harm suffered. "The plaintiff . . . has not established a necessary relationship between the defendant's negligence — that is, the maintenance of overgrown vegetation — and the `causative force' or shielding. Thus, she has failed to remove the issue of causation from the realm of speculation and conjecture." (Citation omitted.) Id., 765.
In Kargul v. Sandpiper Dunes Limited Partnership,3 Conn. L. Rptr. 154 (January 29, 1991, Axelrod, J.), the plaintiff tenant brought a negligence cause of action against, inter alia, another tenant for personal injuries suffered as a result of a sexual assault. Id. Plaintiff alleged that the defendant tenant was negligent in that she was aware of the alleged assailant's history of violent sexual assaults, yet she allowed him to live in her apartment without warning the plaintiff. Id., 155. The defendant tenant moved for summary judgment, and cited Doe v. Manheimer, supra, for the proposition that her conduct was not the proximate cause of plaintiff's injuries. Kargul v. Sandpiper Dunes Limited Partnership, supra, 160. The court differentiated CT Page 9183 the case from Doe on the basis that the defendant tenant allegedly was aware of the assailant's propensity to commit sexual assault crimes; therefore, the defendant tenant had reason to believe that the assailant's presence "would create a risk to other female tenants in the apartment building." Id., 161. Hence, the court concluded that a question of fact existed with regard to the issue of whether the defendant tenant's conduct proximately caused the plaintiff's injuries. Id.
In Kopsick v. Yale University, 7 CSCR 839 (June 26, 1992, Maiocco, J.), the plaintiff alleged that she was assaulted while on the defendant's campus, and that her injuries were proximately caused by the defendant's negligent failure to provide adequate security. Id. The defendant filed a motion to strike "on the ground that the defendant's alleged negligence was not, as a matter of law, the legal cause of the plaintiff's damages." Id. The court held that the defendant's assertion that its conduct was not "the proximate cause of the plaintiff's injuries . . . is not a proper ground for a motion to strike. . . ." Id.
In the present case, plaintiff alleges that the defendant Board knew or should have known of defendant Gary Booth's conduct, but it failed to act; that the defendant Board failed to use reasonable care in supervising defendant Gary Booth and in supervising school activities; and that the defendant Board failed to use reasonable care in evaluating defendant Gary Booth's unfitness to teach. The issue regarding whether the harm suffered by the plaintiff was proximately caused by the defendant Board's allegedly negligent conduct is a question of fact for the trier. The facts of the present case are distinguishable from those of Doe v. Manheimer, supra, because the defendant Board allegedly failed to act when it knew or should have known of defendant Gary Booth's continuing tortious conduct. The defendant Board could reasonably have foreseen that continued inaction would permit defendant Gary Booth to continue his tortious conduct, while the defendant in Doe could not reasonably foresee that his overgrown bushes would cause an assault. On this basis, the present case is factually analogous to Kargul v. Sandpiper Dunes Limited Partnerhsip, [Partnership,] supra, where the plaintiff claimed that the defendant tenant knew of the assailant's history of sexual abuse. In Kargul, the court found that an issue of fact existed regarding proximate cause. Id. Plaintiff's allegation that the defendant Board failed to supervise activities on school grounds is somewhat analogous to the plaintiff's allegation in Kopsick v. Yale University, supra, that the defendant failed to provide adequate CT Page 9184 security, and the court held in Kopsick that the proximate cause issue could not properly be addressed on a motion to strike.
In the present case, whether the defendant Board's alleged conduct was the proximate cause of plaintiff's alleged injuries is a question of fact not properly determined on a motion to strike. Accordingly, the court denies the defendant Board's motion to strike the sixth count on the ground of lack of proximate cause.
II. COUNT SEVEN
At Short Calendar, the parties agreed that the motion to strike should be granted as to this count.
III. COUNT NINE
A. Statute of Limitations
The defendant Board argues that 20 U.S.C. § 1681, et seq., does not contain a statute of limitations, and where federal statutes do not address the statute of limitations issue, the state statute of limitations is applicable. The defendant Board argues that General Statutes 52-577, the three year tort statute of limitations, is applicable, since federal decisions have applied this statute to 42 U.S.C. § 1981 and 1983 claims. The defendant Board argues that the plaintiff's claim is barred by this statute of limitations.
In his memorandum, the plaintiff concedes that the three year statute of limitations of General Statutes 52-577
"should govern this action." (Plaintiff's Memorandum, p. 25). However, the plaintiff argues that this statute of limitations was tolled until 1990, because the defendant Board's negligence allowed defendant Gary Booth to begin a continued course of tortious conduct which did not terminate until 1990. The plaintiff argues that "[i]n allowing the [d]efendant Booth's course of abusive conduct to begin, the negligent . . . Board therefore is liable throughout the last incident of sexual abuse in 1990." (Plaintiff's Memorandum, p. 27).
As quoted above, the statute of limitations may only be raised on a motion to strike where the parties agree that the complaint sets forth all facts pertinent to the statute of limitations issue, or where a statutory cause of action is CT Page 9185 involved, and the statute sets the time within which the right must be enforced. Forbes v. Ballaro, supra. As submitted above, the parties have not agreed that the complaint sets forth all relevant facts. The applicable statutes, 20 U.S.C. § 1681, et seq., do not set a time within which the right must be enforced. Id. Accordingly, the court denies the motion to strike the ninth count on the basis of the statute of limitations.
B. Availability of Money Damages
The defendant Board argues that federal caselaw construing 20 U.S.C. § 1681 has held that money damages are not available for unintentional violations of this statute. In response, the plaintiff cites a recent United States Supreme Court decision, and argues that this decision lifts the bar to money damages where a school board's negligence permits sexual abuse to occur.
A motion to strike may properly be used to contest the legal sufficiency of the allegations of a count. Practice Book 152(1). The defendant Board's argument does not contest the legal sufficiency of the allegations of this count, rather it questions the availability of one form of relief for this type of claim. As the defendant Board's second ground for striking the ninth count does not contest the legal sufficiency of the factual allegations of the count, the court denies the motion to strike the ninth count on this ground.
IV. COUNT TEN
The defendant Board argues that General Statutes 10-235
is an indemnification statute, and that this statute does not provide authority for a direct cause of action against the defendant Board. Therefore, the defendant Board argues that the plaintiff's tenth count is legally insufficient and should be stricken. The plaintiff cites decisions in which school boards remained a defendant or were joined as a defendant pursuant to this statute.
In relevant part General Statutes 10-235(a) states:
 Each board of education shall protect and save harmless . . . any teacher . . . from financial loss and expense, including legal fees or judgment by reason of alleged negligence . . . resulting in CT Page 9186 accidental bodily injury to . . . any person, . . . provided such teacher . . . was acting in the discharge of his or her duties or within the scope of employment or under the direction of such board of education. . . .
In Carrington v. Sullivan, 3 Conn. L. Rptr. 232, 235 (January 29, 1991, Hennessey, J.), the court addressed the issue of whether General Statutes 10-235 provides a direct cause of action against a school board:
 A split of authority exists in the superior court as to whether Conn. Gen. Stat. 10-235
provides for a direct cause of action by the plaintiff against a school board and the issue has not been addressed by the Supreme Court or Appellate Court. See Bielaska v. Waterford, 196 Conn. 151, 156 (1985) (claim of error pursuant to Conn. Gen. Stat. 10-235 was not properly before the court because it was not raised at any time prior to or during trial). In Swainbank v. Coombs, 19 Conn. Sup. 391 (1955), and Plasse v. Board of Education, 28 Conn. Sup. 198
(1969), the courts found that Conn. Gen. Stat. 10-235 provides for indemnification from loss and not indemnification from liability, and thus does not grant a direct cause of action. Under Conn. Gen. Stat. 10-235 `and on the authority of Swainbank v. Coombs, 19 Conn. Sup. 391, no direct liability runs from a board of education to a plaintiff in a tort action, and liability of such board, if any, is to reimburse such teacher or employee for judgments which might be rendered against such teacher or employee.' Plasse, 28 Conn. Sup. at 201. Accord Doe v. Niland, 2 CSCR 734 (1987) (Healy, J.). In Pastor v. Bridgeport, 27 Conn. Sup. 337
(1967), the court allowed the board of education to remain a party in a negligence action brought by a student. See also Arnette v. Spinola, 4 CSCR 834 (1989) (Lewis, J.) (permitted school board to be joined as a defendant pursuant to Conn. Gen. Stat. 10-235).
In King v. Board of Education, 203 Conn. 324, CT Page 9187 326 (1987), the court reiterated its conclusion from King v. Board of Education, 195 Conn. 95, 97 (1985), that `the legislature intended to make indemnification available to a board of education employee for losses sustained from claims or suits for damages, injunctive relief or both, resulting from any act of the employee performed in the discharge of his or her duties or within the scope of employment or under the direction of such board. . .' Id. 326. Under Conn. Gen. Stat. 10-235 if a judgment is rendered against a board member, teacher or employee, that person may seek indemnification. Since the plaintiffs are not teachers, board members or employees, they cannot proceed under this statute.
Carrington v. Sullivan, supra, 235; accord Marotto v. Gaudet,8 CSCR 83, 84 (January 18, 1993, Langenbach, J.) (["General Statutes10-235] gives the right of indemnification to an employee of the board of education in certain circumstances, unlike General Statutes 7-465a which reads in pertinent part that `the municipality shall pay on behalf of any such employee,' which provides an injured plaintiff a direct cause of action against a municipality. . . . . General Statutes 10-235 does not provide the plaintiff with a direct cause of action against the Board, but it remains available to the defendants to seek indemnification. . . .")
This court decides to follow the holdings of Carrington v. Sullivan, supra, and Marotto v. Gaudet, supra, and grants the defendant Board's motion to strike the tenth count.
The court denies the motion to strike as to the sixth and ninth counts and grants the motion to strike as to the seventh and tenth counts of the revised complaint.
Dunn, J.