JAMES C. COSTE ET AL. *v.* RIVERSIDE MOTORS, INC.
(8963)

DUPONT, C. J., DALY and FOTI, Js.

Argued October 29, 1990—decision released February 12, 1991

*Christopher C. Burdett,* for the appellants (plaintiffs).

*Charles A. Deluca,* with whom, on the brief, were *Holly K. Dustin* and *Ilene J. Feldman,* for the appellee (defendant).

DUPONT, C. J. The plaintiffs appeal from a judgment rendered after the trial court granted the defendant's motion to strike the plaintiffs' complaint in its entirety.[1] The sole issue on appeal is whether the plaintiff has alleged a cause of action in common law negligence for damages arising out of an automobile accident occurring after the plaintiff's employer would not allow the plaintiff to leave work early to avoid traveling during a snowstorm.

The plaintiff's complaint included a number of allegations. On January 19, 1987, the plaintiff was an automobile mechanic employed by the defendant, an automobile dealership. A snowstorm began about noon of that day, and shortly thereafter the defendant's general manager released its office personnel because of "anticipated hazardous road conditions." Several of the mechanics asked to leave as well, but the service manager would not allow the mechanics to leave until they finished their assigned work.

At 5:30 p.m. when the plaintiff left the defendant's premises to drive home, the weather had worsened con-

---

[1] The plaintiffs' complaint was brought in two counts, the first alleging negligence, the second, loss of consortium. Issues relating only to the first count are the subject of this appeal. As used in this opinion, the word plaintiff refers to the named plaintiff.

siderably. While driving down a hill, the plaintiff lost control of his car on the ice and snow covered road. His twenty year old Austin Mini Cooper crossed the center line of the highway and crashed head-on into another vehicle and he was severely injured.

The plaintiff claims that the defendant was negligent in requiring him to stay at work, "in total disregard of his safety and well-being, thereby forcing him to drive to his home, a distance of approximately ten miles, under extremely hazardous conditions." In its memorandum of decision granting the defendant's motion to strike, the trial court held that the plaintiff could not establish proximate cause between "the employer keeping the employees at work during a snowstorm and an employee's own negligence in losing control of his car."

"A motion to strike challenges the legal sufficiency of the pleadings. In reviewing the granting of a motion to strike, we construe the facts alleged in the complaint in a light most favorable to the pleader." *Hughes* v. *National Car Rental Systems, Inc.,* 22 Conn. App. 586, 588, 577 A.2d 1132, cert. denied, 216 Conn. 817, 580 A.2d 57 (1990). " 'This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . .' " (Citations omitted.) *Burns* v. *Gleason Plant Security, Inc.,* 10 Conn. App. 480, 482, 523 A.2d 940 (1987). If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied. *Stradmore Development Corporation* v. *Commissioners,* 164 Conn. 548, 550–51, 324 A.2d 919 (1973). In order to reverse the judgment of the trial court, therefore, this court must find that the allegations of the plaintiff's complaint, if proven, would constitute negligence of the defendant.

The elements of a cause of action for negligence are duty, breach, causation and damages. *Doe* v. *Manheimer,* 212 Conn. 748, 755, 563 A.2d 699 (1989). The elements of duty and breach require that a defendant's conduct constitutes fault in the performance of a duty owed to a plaintiff.[2] Id., 754 n.2. Here, the alleged fault of the employer is the refusal to give the plaintiff permission to leave work early, thereby requiring the plaintiff to drive to his home under extraordinarily hazardous conditions. The implication of the delict is that an employer has a duty to ensure an employee a safe trip home or a duty to prevent an employee from driving in hazardous weather. Although we know of no case, statute or principle of common law that places such a duty on an employer,[3] we need not reach the issue because we conclude that legal causation has not been sufficiently alleged.

---

[2] *Doe* v. *Manheimer,* 212 Conn. 748, 563 A.2d 699 (1989), did not resolve the issue of whether the defendant owed the plaintiff a duty to exercise reasonable care although it recognized that actionable negligence requires proof of a breach of a duty owed. The court found it unnecessary to resolve the issue because it concluded that the plaintiff had not proved proximate cause as a matter of law. Many of the cases that discuss the elements of actionable negligence assume that a breach of duty exists but do not discuss those elements. *Cardona* v. *Valentin,* 160 Conn. 18, 273 A.2d 697 (1970); *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 101 A.2d 491 (1953).

[3] Recently courts have recognized expanded types of employment related torts such as wrongful discharge; *Sheets* v. *Teddy's Frosted Foods,* 179 Conn. 471, 427 A.2d 385 (1980); negligent misrepresentation; *D'Ulisse-Cupo* v. *Board of Directors of Notre Dame High School,* 202 Conn. 206, 520 A.2d 217 (1987); negligent infliction of emotional distress; *Collins* v. *Gulf Oil Corporation,* 605 F. Sup. 1519 (D. Conn. 1985); *Morris* v. *Hartford Courant Co.,* 200 Conn. 676, 681–82, 513 A.2d 66 (1986); intentional infliction of emotional distress; *Brown* v. *Ellis,* 40 Conn. Sup. 165, 484 A.2d 944 (1984); and negligent hiring, which holds an employer liable for the criminal, violent, or wrongful acts of his employees, including those that occur after working hours and away from the employer's place of business. *Cramer* v. *Housing Opportunities Commission,* 304 Md. 705, 501 A.2d 35 (1985); see *Ray* v. *Schneider,* 16 Conn. App. 660, 548 A.2d 461, cert. denied, 209 Conn. 822, 551 A.2d 756 (1988).

In order for legal causation to exist, actual cause or cause in fact, as well as proximate cause, must be present. *Doe* v. *Manheimer,* supra, 757; *Hughes* v. *National Car Rental Systems, Inc.,* supra, 589. Actual cause requires allegations that state that the particular injury would not have occurred in the precise way that it did occur without the defendant's conduct. Most cases focus their discussion on proximate cause, and assume that cause in fact exists. *Cardona* v. *Valentin,* 160 Conn. 18, 273 A.2d 697 (1970); *Vastola* v. *Connecticut Protective System, Inc.,* 133 Conn. 18, 47 A.2d 844 (1946). *Doe* v. *Manheimer,* supra, is one of the cases that does discuss actual cause or cause in fact. There, the defendant, a landowner, impliedly admitted that his conduct was a cause in fact or the actual cause of the plaintiff's injuries and the trial court found that the defendant's conduct was the actual cause. *Doe* v. *Manheimer,* supra, 760. The parties and the court, therefore, agreed that the rape committed by an unknown rapist would not have occurred where it actually did had the defendant removed his overgrown bushes that shielded the rapist from view. Further, the court acknowledged that the jury could have found that the rapist who caused the plaintiff's harm premeditated that his assault would occur in the exact location in which it did occur. Id.

Here, the plaintiff's allegation is that his injuries and damages were the "direct and proximate result of the negligence of the defendant." Even if the plaintiff's complaint could be interpreted to allege actual cause, we conclude that his allegations are insufficient for proof of proximate cause. "In determining proximate cause, the point beyond which the law declines to trace a series of events that exist along a chain signifying actual causation is a matter of fair judgment and a rough sense of justice." *Boehm* v. *Kish,* 201 Conn. 385, 391–92, 517 A.2d 624 (1986). Functionally, proximate

cause is defined as an actual cause that is a substantial factor in the resulting harm. *Doe* v. *Manheimer,* supra, 757; *Boehm* v. *Kish,* supra, 391; *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 383, 441 A.2d 620 (1982). The fundamental inquiry in the substantial factor test is " ' "whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." *Merhi* v. *Becker,* [164 Conn. 516, 521, 325 A.2d 270 (1973)]; see *Palsgraf* v. *Long Island R.[R.] Co.,* [248 N.Y. 339, 354, 162 N.E. 99 (1928)].' " *Doe* v. *Manheimer,* supra, 758. The determination of proximate cause is ordinarily a question of fact for the trier; it becomes a question of law only when "the mind of a fair and reasonable person could reach only one conclusion . . . ." *Hughes* v. *National Car Rental, Inc.,* supra, 590. The question should be submitted to the trier of fact if there is room for reasonable disagreement. Id.

Common sense and a wealth of experience tell us that accidents brought on by cars skidding on ice and snow covered roads are within the "scope of the risk" created by driving in a snowstorm. This does not mean, however, that such accidents are within the scope of the foreseeable risk created by the defendant's conduct. Accidents and crimes occur for a myriad of reasons, including the vagaries of the weather and the vagaries of the conduct of criminals, but that does not make the risk of an accident or a crime reasonably foreseeable by a defendant whose conduct may have played some part in the accident or crime. See *Doe* v. *Manheimer,* supra, 762. The plaintiff cannot establish with any degree of certainty that the intervening event, the hazardous condition of the road, was within the scope of the risk created by the defendant's conduct. *Cardona* v. *Valentin,* supra, 24–25.

The allegations of the complaint must equate to a damage to the plaintiff that is not overly remote to the

conduct of the defendant and establishes a causal relationship between the harm and the conduct that is not conjectural. *Wu* v. *Fairfield,* 204 Conn. 435, 439, 528 A.2d 364 (1987); W. Prosser & W. Keeton, Torts (5th Ed.) § 43. The plaintiff alleges that the defendant refused the mechanics' request to "leave work early," instead requiring the mechanics to stay "until they had completed their assigned work." The plaintiff's complaint is riddled with proximate cause gaps because the allegations of the complaint leave breaks in the chain of causation.

Conjecture exists as to whether the harm to the plaintiff would have ensued had the plaintiff completed his assigned work earlier, and, therefore, could have left earlier when driving conditions may have been better. Conjecture also exists as to whether the accident would have occurred had the road been better sanded or plowed, or had the plaintiff taken another route home, or had he driven a different make and model car, or had he been a better driver. The defendant's conduct is too inconsequential to the ultimate harm to the plaintiff, considering the many other variables, to rise to the level of proximate cause.

The judgment is affirmed.

In this opinion the other judges concurred.