[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff alleges that it and defendant entered into a franchise agreement wherein plaintiff was granted the exclusive right to bake and distribute defendant's brand of bread using the defendant's trademark. The plaintiff claims that the defendant attempted to induce the plaintiff to enter into a new franchise agreement, containing material changes to the original agreement, and then terminated the franchise agreement when plaintiff would not enter into the new agreement. The plaintiff alleges that this termination violated 42-133f of the General Statutes.
The defendant has filed a motion to dismiss, claiming that these allegations are legally insufficient to plead the franchise-franchisor relationship required under 42-133e to42-133g of the General Statutes.
In deciding a motion to strike the allegations of the complaint are to be construed favorably to the plaintiff. Noble v. Marshall, 23 Conn. App. 227, 229 (1990). All well pleaded facts are to be considered as true, and "[t]his includes the facts necessarily implied and fairly provable under the allegations." Id. "If facts provable under the allegations would support a . . . cause of action, the motion to strike must be denied." Costa v. Riverside Motors, Inc., 24 Conn. App. 109, 111 (1991).
General Statutes 42-133f(a) provides that a franchisor may not terminate a franchise, except for good cause, and that in the event of termination, 60 days notice must be provided to the franchisee. "Franchise," "franchisor" and "franchisee" are CT Page 7590 defined as follows in 42-133e(b)-(d).
 "Franchise" means an oral or written agreement or arrangement in which (1) a franchisee is granted the right to engage in the business of offering, selling or distributing goods or services under a marketing plan or system prescribed in substantial part by a franchisor, provided nothing contained therein shall be deemed to create a franchisor-franchisee relationship between the grantor and grantee of a lease, license or concession to sell goods or services upon or appurtenant to the premises of the grantor, which premises are occupied by the grantor primarily for its own independent merchandising activities; and (2) the operation of the franchisee's business pursuant to such plan or system is substantially associated with the franchisor's trademark, service mark, tradename, logotype, advertising or other commercial symbol designating the franchisor or its affiliate, and includes any agreement between a manufacturer, refiner or producer and a distributor, wholesale or jobber, between a manufacturer, refiner or producer and a retailer, or between a distributor, wholesale or jobber and a retailer;
 "Franchisor" means a person who grants a franchise to another person, including a manufacturer, refiner or producer or a distributor, wholesaler or jobber who grants to a distributor, wholesaler or jobber or retailer, as the case may be, the authority to sue a trademark, tradename, service mark or other identifying symbol or name under a franchise;
 "Franchisee" means a person to whom a franchise is granted, including a distributor, wholesaler or jobber or retailer who is granted the authority under a franchise to use a trademark, tradename, service mark or other identifying symbol or name.
Defendant cites Consumers Petroleum of Connecticut, Inc. v. Duham, 38 Conn. Sup. 495 (App. Sess. 1982) for the proposition that plaintiff has not sufficiently alleged a "marketing plan or CT Page 7591 system" as required by the statute. Dunham, however, was not concerned with a motion to strike but was stating some of the factors which lead to "a finding that there was a marketing plan or system." Id., 498 (emphasis added). Dunham is therefore of little help in determining the sufficiency of plaintiff's allegations.
The agreement between the parties, attached to the complaint along with correspondence between the parties and thus properly considered on this motion to strike, provides some guidance. Under the agreement the plaintiff had the exclusive right to defendant's trademark; plaintiff was required to use defendant's bread mix, and had to sell at least 20,000 loaves per week; the plaintiff had to package the bread in material designed and/or approved and supplied by the defendant; the defendant had the right to inspect the production facilities and request samples; and the defendant could require that the plaintiff receive approval for its advertising format and style. Furthermore, defendant's correspondence to plaintiff refers to it as defendant's "franchisee" and refers to their "franchise agreement."
The court concludes construing the allegations and those facts necessarily implied under them in plaintiff's favor, that the plaintiff has stated a cause of action under the Franchise Act. Therefore, the defendant's motion should be and is denied.
McDONALD, J.