[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"Pursuant to Practice Book 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99 (1993). "[A motion for summary judgment] should be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, CT Page 11132 disclosures, written admissions and the like." Orenstein v. Old Buckingham Corporation, 205 Conn. 572, 574, 534 A.2d 1172
(1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id.
1. A factual question exists as to whether defendant is a "keeper" of the dog, as within General Statutes 22-357.
General Statutes 22-357 imposes strict liability on the owner or keeper of any dog that does damage to the body or property of any person. Falby v. Zarembski, 221 Conn. 14, 19,602 A.2d 1 (1992). A "keeper" is defined as "any person, other than the owner, harboring or having in his possession any dog." General Statutes 22-327. "Possession" means the exercise of dominion and control over the dog. Bethea v. Gary, CSCR 511 (April 28, 1993, Hadden, J.). "To harbor a dog is to afford lodging, shelter or refuge to it." Falby v. Zarembski, supra, quoting Malone v. Steinberg, 138 Conn. 718, 722, 89 A.2d 213
(1952). The court in Falby indicated that feeding, watering, housing or otherwise caring for a dog may indicate that one is a "keeper." Falby v. Zarembski, supra.
A landlord is not a "keeper" of a dog merely because a tenant owns a dog and keeps the dog on the premises. Burturla v. St. Onge, 9 Conn. App. 495, 529 A.2d 1235 (1987). "Whether anyone, including a landlord, is a keeper of a tenant's dog is a material question of fact." Bethea v. Gary, 8 CSCR 511 (April 28, 1993, Hadden, J.).
Plaintiffs argue that allegations that the defendant fed and watered the dog are sufficient to raise a factual question of whether the defendant was a "keeper" pursuant to 22-357. Defendant's affidavit states that he never harbored the dog, and defendant further denies in his revised responses to plaintiffs' request for admissions that he ever fed or watered the dog prior to April 16, 1990. A genuine issue of material fact exists as to whether the defendant "harbored" the dog, and thus should be deemed a "keeper" pursuant to 22-357. The defendant's motion for summary judgment as to count one is denied.
2. Defendant has not sustained his burden of showing he is entitled to judgment as a matter of law on the issue of whether defendant owed the minor plaintiff a duty. CT Page 11133
Defendant's motion for summary judgment is also directed to plaintiffs' claim of common law negligence. To state a claim for negligence, a plaintiff must prove that a duty of care exists, that the defendant breached that duty, that the breach was the direct and proximate cause of the plaintiff's injuries, and that the plaintiff has sustained damages as a result. Coste v. Riverside Motors, 24 Conn. App. 109, 112, 585 A.2d 1263
(1991). "The existence of a duty is a question of law." Shore v. Stonington, 187 Conn. 147, 151, 444 A.2d 1379 (1982). "Issues of negligence are ordinarily not susceptible of summary judgment but should be resolved by trial in the ordinary manner." (Citations omitted; internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 42, 446, 476 A.2d 582 (1984).
Defendant asserts that as he is not a "keeper" within the meaning of 22-357, he has no duty to control the dog and thus no liability under a negligence theory. The genuine issue of material fact in the first issue — whether defendant's alleged actions were sufficient to deem him a "keeper" of the dog similarly constitute a question of material fact regarding defendant's duty to the plaintiff under a common law negligence theory. The defendant has failed to sustain his burden of showing that he is entitled to judgment as a matter of law on plaintiffs' claim of negligence.
Plaintiffs have indicated in their memorandum that certain exhibits are attached. However, these documents are not in the file. The clerk's office alleges that said documents are not in their possession. Several of these missing exhibits appear to be intended by the plaintiffs to support plaintiffs' theory that defendant harbored the dog by affording it refuge on an area of the property held in common use by defendant and the Mosses. As these exhibits are not in the file, this memorandum does not address this argument by plaintiffs.
Defendant's motion for summary judgment (#125) on the plaintiffs' complaint is denied.
/s/ Sylvester, J. SYLVESTER CT Page 11134