[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, an automobile repair shop, filed a six count amended complaint against defendants, William Piacenza and Simon Ford, Inc.
The plaintiff alleges the following facts. Simon Ford sold Piacenza a used Peugeot that had an odometer reading of 52,248 miles. A few months later, Simon Ford replaced the odometer and set it at zero miles. Piacenza brought the Peugeot to the plaintiff for repairs and represented to the plaintiff that the mileage was correct. The mileage as it appeared on the odometer indicated that the automobile was within the warranty. The plaintiff repaired the Peugeot and submitted a claim for warranty coverage to the manufacturer, which refused to reimburse the plaintiff. According to the manufacturer, the Peugeot's odometer reading was greater several years prior to the plaintiff's repairs.
Counts one through three of the plaintiff's amended complaint are against Piacenza and are based on intentional misrepresentation and violations of the Connecticut Odometer Tampering Law, General Statutes 14-106b. Counts four through six are against Simon Ford. Count four is based on violations of the Federal Odometer Disclosure Act, 15 U.S.C. § 1981 et seq.; count five is based on negligence in replacing the odometer; and count six is based on violations of the Connecticut Unfair Trade Practices Act, General Statutes42-110b.
Simon Ford filed a motion to strike counts four and five on the ground that the counts are legally insufficient. CT Page 578
COUNT FOUR
Simon Ford argues that count four of the plaintiff's complaint is legally insufficient because the protections of the Federal Odometer Disclosure Act do not extend to the plaintiff. Simon Ford also argues that the defendant intended to defraud the plaintiff. The plaintiff argues that it is covered by the statute and that it has alleged sufficient facts to establish intent to defraud.
The purpose of the Federal Odometer Disclosure Act is "to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers." 15 U.S.C. § 1981. This statute was enacted "to impose a certain variety of forced honesty in the sale of motor vehicles which was triggered by congressional concern of the widespread practice of the clandestine turning back of odometers." Sarratore v. Longview Van Corporation,666 F. Sup. 1257, 1260 (N.D.Ind. 1987). "A remedial statute shall be broadly construed to effectuate its purpose." Evans v. Paradise Motors, Inc., 721 F. Sup. 250, 251 (N.D.Cal. 1989).
While one of the main purposes of the act is to protect purchasers of automobiles, "to say that such is the only purpose is to read both the language of the statute itself and its legislative history too narrowly." Sarratore v. Longview Van Corporation, supra 1259. "The aggressive statutory scheme suggests a generous reading of the standing requirement." Evans v. Paradise Motors, Inc., supra, 251.
In the present case, the plaintiff is not the purchaser of an automobile. However, since the courts have read the Federal Odometer Disclosure Act broadly, the plaintiff has standing to bring a cause of action under the statute.
The statute provides that "[a]ny person who, with the intent to defraud, violates any requirement imposed under this chapter shall be liable. . ." 15 U.S.C. § 1989. "The legislative history makes clear that, if [the] defendant had constructive knowledge that the odometer reading was incorrect, he violated 1989." Nieto v. Pence, 578 F.2d 640,642 (1978). A violation of the statute is proven by showing "that a change in the odometer reading has occurred and that CT Page 579 the seller has failed to disclose the change. An intent to defraud arises from the proof of the foregoing in the absence of an explanation of the odometer change." Delay v. Ford,373 F. Sup. 791, 796 (D.S.C. 1974).
In the present case, the plaintiff alleges that when Simon Ford sold the automobile, the odometer reading was 52,248 miles. The plaintiff alleges further that when Simon Ford replaced the odometer, it set the mileage at zero and it failed to disclose the change in mileage. Therefore, the plaintiff has alleged sufficient facts to show that Simon Ford intended to defraud the plaintiff and Simon Ford's motion to strike count four must be denied.
COUNT FIVE
Simon Ford moves to strike count five alleging negligence in replacing the odometer on the ground that the plaintiff has not alleged sufficient facts to support a cause of action for negligence. Simon Ford argues that count five is legally insufficient because the plaintiff has not alleged facts to show that Simon Ford owed a duty to the plaintiff. The plaintiff argues that the defendant owes a duty to the plaintiff under the Federal Odometer Disclosure Act and, therefore, count five should survive the motion to strike.
Negligence is a breach of duty. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 171 (1988). "The elements of a cause of action for negligence are duty, breach, causation and damages." Coste v. Riverside Motors, Inc.,24 Conn. App. 109, 112 (1991).
In the present case, the plaintiff does not allege any facts that would establish a duty owed to the plaintiff by the defendant Simon Ford and Simon Ford's motion to strike count five must be granted.
CONCLUSION
For the reasons stated above, Simon Ford's motion to strike count four is denied and motion to strike count five is granted.
Hendel, J. CT Page 580