[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On August 9, 1993, the plaintiffs, Dana and Brian Lamb, filed a two count complaint in negligence against the defendant, Stephanie Louisgene. The plaintiffs allege in their complaint that they were in their vehicle and stopped at a red light when the defendant struck their vehicle from behind.
On October 24, 1994, the plaintiffs filed a motion for summary judgment as to liability, a memorandum of law in support, an affidavit by each of the plaintiffs, the defendant's responses to requests for admissions, a police report of the incident, and deposition testimony of the defendant. The defendant did not file a memorandum of law or any evidence in opposition to the plaintiffs' motion for summary judgment. CT Page 12784
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Suarezv. Dickmont Plastics, Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Id.
The plaintiffs have submitted evidence which demonstrates negligence on the part of the defendant. The defendant has not responded to the motion for summary judgment, therefore, "the court is entitled to rely upon the facts stated in the affidavit of the movant." Catz v.Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986). Accordingly, the plaintiffs' motion for summary judgment is granted as to liability.