[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT NO. 115
The plaintiff, Valentine Legenza, filed a one count complaint alleging negligence against the defendant, Marta Cubero, arising out of an automobile accident.
The plaintiff alleges that while operating his motor vehicle on April 9, 1992, the defendant "disregarded a red stop light and collided" into his vehicle.
The defendant filed an answer, and the plaintiff filed a motion for summary judgment, as to liability only. The plaintiff has filed a memorandum of law, along with a copy of his requests for admissions and a copy of a certified mail receipt, in support of his motion.
A motion for summary judgment shall be granted "`if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Barrett v. Danbury Hospital, 232 Conn. 242, 250 (1995). The burden of proof is on the moving party. State v. Goggin,208 Conn. 606, 616 (1988). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Barrett v. Danbury Hospital, supra.
In his memorandum of law in support of his motion, the plaintiff states that on May 4, 1994, he mailed a request for admissions to the defendant via certified mail; and that the defendant has not responded to his request and has, therefore, admitted those requests pursuant to Practice Book § 239. Based on those alleged admissions, the plaintiff argues that "summary judgment is appropriate as there can be only one reasonable conclusion based upon the admitted facts."
The failure of the pro se defendant to respond to the plaintiff's requests for admissions requires that the allegations in those requests be deemed admitted; Orenstein v. Old BuckinghamCorporation, 205 Conn. 572, 576 (1987); and the court may rely on those facts in deciding the present motion for summary judgment.
"The elements of a cause of action for negligence are duty, breach, causation and damages." Hall v. Winfrey, 27 Conn. App. 154,158 (1992). "In order for legal causation to exist, actual cause or cause in fact, as well as proximate cause, must be CT Page 5795 present." Coste v. Riverside Motors, Inc., 24 Conn. App. 109,113, (1991). "[T]he `test' of proximate cause is whether the defendant's conduct is a `substantial factor' in producing the plaintiff's injury." Doe v. Manheimer, 212 Conn. 748, 758 (1989). Ordinarily, proximate cause is a question of fact; Id., 756; and that is generally ill-suited for summary judgment.
A review of the plaintiff's requests to admit reveals that the defendant was required to admit or deny the following:
 That on or about April 9, 1992, the defendant was operating her motor vehicle west on N. Frontage Road in Bridgeport, Ct.
That the defendant disregarded a red stop light.
That the defendant collided into the plaintiff's vehicle.
 That the defendant negligently collided into the plaintiff's vehicle.
That the defendant badly damaged the plaintiff's vehicle.
 That the damage to the plaintiff's vehicle was in the amount of $4,160.50.
(Requests for Admissions dated May 4, 1994).
In the present case, the plaintiff has failed to submit evidence to satisfy his burden of demonstrating that the defendant's alleged negligent conduct was the "substantial factor" in producing the plaintiff's alleged damages. Ordinarily, where a plaintiff submits evidence that attempts to demonstrate negligence on the part of a defendant and a defendant has not responded to the plaintiff's motion for summary judgment, "the court is entitled to rely upon the facts stated in the affidavit of the movant." Lamb v. Louisgene, 13 Conn. L. Rptr. 192, 193 (Dec. 15, 1994, D'Andrea, J.), quoting Catz v. Rubenstein,201 Conn. 39, 49, (1986). However, the plaintiff has not filed a supporting affidavit setting "forth the factual picture by a person who knows the facts." Town of Brookfield v. CandlewoodShores Estates, Inc., 201 Conn. 1, 9 (1986). Since this motion concerns liability arising out of a negligence claim, there may be facts within the personal knowledge of the plaintiff to which he can attest. The defendant's admissions, standing alone, do not solve the ultimate question of proximate cause nor do they CT Page 5796 corroborate the plaintiff's claimed damages to his vehicle.[1]
Our Supreme Court has consistently advised us that "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner" (Citation omitted.); Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). Since there are factual issues contested in the pleadings that remain unresolved, the court denies the plaintiff's motion for summary judgment as to liability only.
SAMUEL S. FREEDMAN, JUDGE