[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, Hartford Hospital, has moved to strike the complaint on the grounds that it fails to state a claim on which relief can be granted. The complaint seeks to recover from Hartford Hospital for economic loss and humiliation suffered by the plaintiff when he was forced to successfully defend a paternity suit brought against him by Fadine Jackson, a woman who gave birth to a child in Hartford Hospital on June 2, 1992, and identified the plaintiff as the father.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990); Blancato v. Feldspar Corp., 203 Conn. 34,36, 522 A.2d 1235 (1987).
The First Count of the complaint alleges that Fadine Jackson gave birth to a child on June 2, 1992, that Hartford Hospital knew that she was an unmarried woman, and that without the permission or consent of the plaintiff, Hartford Hospital placed his name on the birth certificate of the child as being the child's father. It further alleges that as a result of the defendant's negligence in placing his name on the birth certificate that he was forced to defend a paternity action brought against him by Ms. Jackson.
No matter how negligent a party may have been, if his negligent act bears no relation to the injury, it is not actionable. Shegog v. Zabrecky, 36 Conn. App. 737, 745,654 A.2d 771 (1995). In order for legal causation to exist, both actual cause and proximate cause must be present. Coste v. RiversideMotors, Inc., 24 Conn. App. 109, 113, 585 A.2d 1263 (1991). Actual cause requires evidence that the plaintiff's injury would not have occurred in the precise way that it did without the defendant's conduct. Id. Proximate cause is defined as an actual cause that is a substantial factor in the resulting harm. Doe v.Manheimer, 212 Conn. 748, 757, 563 A.2d 699 (1989).
The placing of the plaintiff's name on the birth certificate in question was neither the cause in fact, nor the proximate cause of the plaintiff's damages. Regardless of the content of CT Page 8364 the birth certificate, Ms. Jackson could have brought a paternity action against the plaintiff. The Motion to Strike is, therefore, granted as to the First Count.
The Second Count alleges the defendant's violation of Connecticut General Statutes § 7-50 which provides:
 Restrictions on contents of birth certificate. No certificate of birth shall contain any specific statement that the child was born in or out of wedlock or reference to illegitimacy of the child or to the marital status of the mother. The name of the father of a child born out of wedlock may be entered in or upon the birth certificate or birth record of such child with the written consent of the father and the mother. In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father and surname of the child shall be entered on the birth certificate in accordance with the order of the court. The social security number of the father of a child born out of wedlock may be entered in or upon the birth certificate or birth record of such child if such disclosure is done in accordance with 5 U.S.C. § 552a.
Based on the allegations of the Second Count, the defendant violated the above statute in that it placed the plaintiff's name on the birth certificate without his consent. However, such violation does not permit a private cause of action for damages by the plaintiff. Statutory negligence is actionable upon satisfaction of two conditions: (1) the plaintiff must be a member of the class protected by the statute; and (2) the injury must be of the type the statute was intended to prevent. Wrightv. Brown, 167 Conn. 464, 468-69, 356 A.2d 176 (1975). Small v.South Norwalk Savings Bank, 205 Conn. 751, 760, 535 A.2d 1292
(1988).
The purpose of § 7-50 was to protect those born out of wedlock from the stigma of illegitimacy. The plaintiff is not a child whose legitimacy is in question. Moreover, even if the defendant did not obtain the plaintiff's consent prior to listing him on the birth certificate as the father of Ms. Jackson's child, saving a putative father the expenses of defending a paternity action was not the type of injury that the statute was CT Page 8365 intended to prevent.
Even if violation of § 7-50 did provide the plaintiff with a private right of action, there is still no causal relation between the violation of the statute and the plaintiff's damages. The defendant's violation of the statute had no relation to Ms. Jackson's decision to sue the plaintiff for paternity. Based on the foregoing, the Second Count is ordered stricken.
By the court,
Aurigemma, J.