[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#129)
The plaintiff, James Doe ("plaintiff"), filed a complaint on August 29, 1994 against the defendants Boy Scouts of America Inc. ("Boy Scouts") and Fairfield County Council of the Boy Scouts of America Inc. ("Fairfield County Council"), alleging in four counts that the defendants negligently allowed the plaintiff to CT Page 931 be sexually abused while he was a minor member of boy scout troop number 211. The complaint, counts one through four, alleges causes of action for negligence as to the defendant Boy Scouts, negligence as to the defendant Fairfield County Council, negligent supervision as to the defendants Boy Scouts and Fairfield County Council and negligent infliction of emotional distress as to the defendants Boy Scouts and Fairfield County Council, respectively. The Boy Scouts then filed an answer and special defense to the complaint on January 9, 1995. Numerous pleadings have followed the answer and special defense.
Presently before the court is Fairfield County Council's motion for summary judgment filed on August 24, 1998. In its motion Fairfield County Council adopts the memorandum of law in support of Boy Scouts' motion for summary judgment filed on May 11, 1998. The plaintiff filed an objection to Fairfield County Council's motion for summary judgment on September 9, 1998.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49 (formerly § 384). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. HartfordHospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984). See, e.g.,Collum v. Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329 (1996) (concerning General Statutes § 52-577, the only facts material to a court's decision on a summary judgment motion are the date of the alleged wrongful conduct and the date the action was filed).
Fairfield County Council argues that it is entitled to summary judgment on two grounds. First, Fairfield County Council argues that it is entitled to summary judgment because it had no duty of care toward the plaintiff and, consequently, cannot be held liable under a negligence theory of damages. Second, Fairfield County Council argues that the plaintiff's claim is barred by the statute of limitations. General Statutes §52-584. The plaintiff argues that summary judgment is inappropriate on the grounds that permission to file summary judgment was previously denied by the court on another occasion and that by CT Page 932 implication Fairfield County Council may not file a motion for summary judgment without obtaining the court's permission.
The Practice Book provides that a party "`must obtain the court's permission to file a motion for summary judgment after the case . . . has been assigned for trial.'" (Emphasis provided.) Holcomb v. Commissioner of Correction,39 Conn. App. 485, 489 n. 3, 664 A.2d 1199 (1995), quoting Practice Book §17-44 (formerly § 379). While the case may have been assigned for trial at an earlier date the case was not assigned for trial on August 24, 1998, the date of the filing of this motion for summary judgment. Fairfield County Council was, therefore, under no obligation to seek the court's permission to file a motion for summary judgment on August 24, 1998. This, however, does not address the merits of Fairfield County Council's motion for summary judgment.
"The elements of a cause of action for negligence are duty, breach, causation and damages. . . ." (Citation omitted.) Costev. Riverside Motors, Inc., 24 Conn. App. 109, 112, 585 A.2d 1263
(1991). "There are a number of recent decisions from other jurisdictions in which the courts recognize a duty of those who assume custody of children to use care to protect them from harm." Spruill v. Downing, Superior Court, judicial district of Middlesex at Middletown, Docket No. 068193 (September 6, 1995,Aurigemma, J.). "[W]hen children are entrusted to the care of an organization, it must act with due care and caution for the safety of its participants. . . ." (Citation omitted; internal quotation marks omitted.) Id. Here, it is not at all clear that Fairfield County Council has no duty of care toward the plaintiff as a matter of law. In fact, there is a material issue of fact as to whether Fairfield County Council had any supervisory responsibility toward troop leaders.
The plaintiff's complaint alleges that "the defendant Boy Scouts was responsible for supervision of its councils and for the selection and training methods for prospective individuals who wished to become counselors and troop leaders within the Boy Scout organization." Plaintiff's Complaint, Count One, ¶ 4. The plaintiff's complaint further alleges that the "Fairfield County Council is an authorized council of the defendant Boy Scouts of America." Plaintiff's Complaint, Count One, ¶ 7. If these two entities, the Boy Scouts and Fairfield County Council, had a certain amount of responsibility and control over the leaders of troop 211, as the plaintiff alleges and will have to CT Page 933 further develop at trial, then it is not at all clear that there is no duty of care toward the plaintiff as a matter of law. Accordingly, Fairfield County Council's motion for summary judgment is denied with regard to the duty of care argument.
"Notwithstanding the provisions of section 52-577, no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than seventeen years from the date such person attains the age of majority." General Statutes § 52-577d. "[T]he unambiguous language of the statute . . . [indicates] that the focus is on the particular type of harm that is the basis of the action rather than on the parties that are involved." Todd M. Et Al. v.Richard L. Et Al., 44 Conn. Sup. 527, 534, 696 A.2d 1063 (1995). Moreover, "[t]he legislature recognized that victims of abuse and exploitation may take an extended period of time to bring an action." Id. Here, the plaintiff suffered sexual abuse, the exact type of harm encompassed by the plain meaning of General Statutes § 52-577d.
Since the plaintiff brought this action within 17 years of his majority his action against Fairfield County Council is not barred by the statute of limitations. Accordingly, Fairfield County Council's motion for summary judgment is denied as to the statute of limitations argument. Fairfield County Council's motion for summary judgment is, therefore, denied in its entirety.
TOBIN, J.