[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE FILED BY NORWICH FREE ACADEMY AND SLATER-NORTON CORPORATION
The defendants, Norwich Free Academy and Slater-Norton Corporation (NFA), filed a motion to strike the first, second, third, fourth, seventh, eighth, tenth and eleventh counts of the plaintiffs' revised complaint dated August 19, 1998.
Counts seven, eight, ten and eleven seek damages for loss of filial consortium brought by the parents of Samantha and Randy Deglin. For reasons stated in this court's memorandum on the same subject regarding the motion to strike the claims of filial consortium filed by the defendant, Tanh Keobapha, the motion to strike these counts filed by NFA is granted. CT Page 4504
NFA also moves to strike counts one, two, three and four which claim that NFA was negligent and thereby was the proximate cause of the deaths of Samantha and Randy Deglin. The complaint alleges that the two children were struck and killed by an automobile operated by the defendant, Keobapha, while they were crossing Route 2 in Norwich, as pedestrians, at approximately 4:56 p. m. on January 9, 1997.
The complaint further alleges that Route 2 is a heavily traveled highway. NFA had more students of driving age, with cars than could be accommodated on campus parking. It caused, allowed and/or permitted students to park off campus on the west side of Route 2. It knew that such students would have to cross Route 2 to get to their cars from the school premises. NFA provided no crossing guards or escorts for students and others who participated in after school activities while returning to their cars on the other side of Route 2. Samantha Deglin attended NFA as a student. Randy Deglin was taking part in a school-sponsored activity. The plaintiffs allege negligence against the defendants, NFA and Slater who are treated as one for purposes of this motion. Both will be referred to as "NFA,"
The motion to strike asserts that NFA had no duty to the plaintiffs decedents and is not liable in negligence unless there was a duty and a breach of that duty. NFA argues that it had no duty to supervise students once they left the campus. They cite the case of Hiegl v. Board of Education, 218 Conn. 1 (1991), in which a motion to strike was granted in the case of an injury to a student off campus during the school day, absent a statute on court decision imposing such a duty. In the case, the Board of Education had an open campus policy which permitted students to leave the school grounds during the school day. The plaintiff was injured in a motor vehicle accident. The plaintiff claimed the defendant failed to exercise due care in supervising the students. The motion to strike the complaint was granted on the grounds that the Board of Education as an agent of the state is immune from tort liability by reason of the doctrine of sovereign immunity.
NFA also claims that even if there was a duty to recover on a negligence basis, the plaintiff must also prove that it was the proximate cause of the injuries and deaths. It quotes the case ofDoe v. Manheimer, 212 Conn. 748, 757 (1989) for the proposition that the allegations must show that the cause was not remote or trivial. To survive a motion to strike on the grounds of CT Page 4505 proximate cause, the complaint must equate to a damage to the plaintiff that is not overly remote to the conduct of the defendant and must establish a causal relationship between the harm and the conduct that is not conjectural. Coste v. RiversideMotors, Inc., 24 Conn. App. 109, 114-115 (1991).
The plaintiffs allege that NFA did owe a duty to the decedents. They claim that the courts have found a duty to exist when victims are injured after leaving the premises and direct control of the defendant. In Bussman v. Kovel, 4 Conn. Ops. 1158 (Sup.Ct. 1998, Handy, J.), the court denied a motion to strike a claim against the Lyme Academy of Fine Arts, Inc. by the estate of a man struck and killed while crossing the street to go to his car after attending an event at the Academy. As in the present case, the Academy provided guards during the day when the plaintiffs decedent arrived, but not when he left after dark.
"The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Zamstein v. Marvasti,240 Conn. 549, 558 (1997). The ultimate test of the existence of the duty to use care is found in the forseeability that harm may result if it is not exercised. Clohessy v. Bachelor, 237 Conn. 31, 45-46
(1996); Bussman, supra, p. 3.
In Fleming v. Garnett, 231 Conn. 77 (1994), the Supreme Court held that a possessor of land may have a duty to conduct its business in a manner that does not create an unreasonable risk of physical harm to those outside the premises. The court therefore finds that under the facts pleaded, the plaintiffs allege a legally sufficient cause of action which sounds in negligence.
In response to the defendants claim that the counts must be stricken because their negligence could not be the proximate cause of the deaths of the Deglin children, the plaintiffs respond that proximate cause is ordinarily a question of fact.Coburn v. Lenox Homes, Inc., 186 Conn. 370, 384 (1982). Proximate cause is particularly ill suited for determination by a motion to strike without the benefit of evidence. Proximate cause is a substantial factor in causing an accident. There can be more than one proximate cause for an accident. The court finds that proximate cause is a question of fact for the jury.
The motion to strike counts seven, eight, ten and eleven for CT Page 4506 loss of filial consortium is granted. The motion to strike counts one, two, three and four, claiming negligence, is denied.
D. Michael Hurley Judge Trial Referee