[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this action claiming on or about 1980 and on other occasions through 1984, a John Campbell, a commander of the church sponsored Royal Rangers Youth Group, engaged in and committed sexual assaults and abuses upon the plaintiff who at that time was between ten to fourteen years of age. He claims that the occurrences took place during Royal Rangers sponsored activities.
The defendants claim that there was no genuine issue of material fact and that the actions of the defendant, Campbell, did not further the business of the church. They claim that judgment should enter in favor of CT Page 13418 the defendants as a matter of law and filed a memorandum of law to that effect, claiming that Campbell was not an agent of the church when engaged in sexual activity and that the defendants had no duty to the plaintiff under the circumstances. The plaintiff claims that the defendants were negligent in hiring Campbell, in failing to supervise his activities and in failing to train and provide specific and intensive instruction to him.
The defendants claim that they are entitled to summary judgment because they had no duty of care toward the plaintiff and, consequently, cannot be held liable under a negligence theory of damages.
"The elements of a cause of action for negligence are duty, breach, causation and damages . . ." Coste v. Riverside Motors, Inc.24 Conn. App. 109, 112 (1991).
"There are a number of recent decision from other jurisdictions in which the courts recognize a duty of those who assume custody of children to use care to protect them from harm." Spruill v. Downing, Superior Court, judicial district of Middlesex at Middletown, Docket No. 068193 (September 6, 1995, Auriemma, J.).
"When children are entrusted to the care of an organization, it must act with due care and caution for the safety of the participants . . ." Id. Here it is not at all clear that the defendant had no duty of care toward the plaintiff as a matter of law. In fact, there is a material issue of fact as to whether the General Assembly of God had any supervisory responsibility toward the leaders such as Campbell. The plaintiff alleged that the defendant had certain duties regarding the amount of responsibility and control it had over the leaders of the Royal Rangers Youth Group. As the plaintiff alleges, and will have to further develop at trial, it is not at all clear that there is no duty of care toward the plaintiff as a matter of law. Accordingly, the motion for summary judgment is denied with regard to the argument of due care. In view of that decision, the court does not make any further rulings with respect to the other claims regarding the summary judgment.
The motion for summary judgment is, therefore, denied.
D. Michael Hurley, Judge Trial Referee