[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 26, 1996
Mustafa and Fahmiea Shaham began this action on September 20, 1995, against the defendants, Gary Wheeler; Aaron Bahamonde; the Town of Newtown; Newtown Volunteer Ambulance Association, Inc.; Mary A.C. Hugo; Business Systems, Inc. a/k/a Danbury EMS; Matthew Cassavechia; and John/Jane Does 1-10. The defendants, Newtown Ambulance; Mary A.C. Hugo; and Does 1-5 (hereinafter "movants"), have moved to strike the eighth count of the plaintiffs' complaint.[1] The plaintiffs allege negligence on the part of the defendants arising from the death, by drug overdose, of their son, Bassan. The facts of the complaint, as construed in a manner most favorable to the plaintiffs, are that on September 21, 1993, Bassan intentionally ingested an overdose of several medications while in the family home. Upon discovery, the family called the Newtown Police Department whose officers came to the house. The officers were informed of the overdose and took Bassan to the police station. From the station, the police called Newtown Ambulance which diagnosed Bassan's drug overdose as did members of Danbury EMS who also responded to the police department's call. None of the above defendants took Bassan to a hospital CT Page 5039 following the diagnosis. He was subsequently dropped off in a parking lot where he was picked up by a friend. Several hours later, Bassan began to feel the effects of the overdose and was taken to a hospital where he subsequently died. The eighth count alleges that the plaintiffs "have suffered, and continue to suffer, severe emotional distress" as a result of the defendants' negligence.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15
(1992).A motion to strike may be used to "test whether Connecticut is ready to recognize . . . [a] newly emerging ground of liability." (Citations omitted; internal quotations omitted.)Diviney v. Smith, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 28 70 11 n. 4, 6 CONN. L. RPTR. 82 (Feb. 26, 1992) (Katz, J.). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140
(1980). Further, the court must "take the facts alleged in the complaint and construe them in a manner most favorable to the pleader . . . [This] does not include, however, the legal conclusions or opinions stated in the complaint." (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro,31 Conn. App. 235, 238-39 (1993). "If a complaint contains the necessary elements of a cause of action, it will survive a motion to strike." Malizia v. Anderson, 42 Conn. Sup. 114, 116 (1991).
In the eighth count, the plaintiffs seek damages for "severe emotional distress" allegedly caused by the movants' negligent conduct. The defendants have moved to strike the plaintiffs' claim on the ground that Connecticut does not recognize a cause of action for bystander emotional distress. The plaintiffs, in their memorandum of law, argue that "[r]ather than pleading a cause of action based on bystander emotional distress . . . [we] seek redress for . . . negligent infliction of emotional distress . . ." Upon examination of the substance of the plaintiffs' eighth count, it is evident that it states a cause of action for bystander emotional distress as argued by the movants.
The recovery of damages for emotional injuries caused by negligent conduct generally falls under the rubric of "negligent infliction of emotional distress." Traditionally, the method by which courts have addressed negligent infliction of emotional CT Page 5040 distress claims has depended on whether the injury was produced by "the plaintiff's apprehension of harm to himself . . . or from apprehension of harm to another." Lee Lindahl, Modern Tort Law § 32.06 (Rev. Ed.). Emotional injuries resulting from apprehension of harm to another are typically identified by the catch phrases of "bystander emotional distress" or "bystander liability." See, e.g. Hendrickson v. Frick, Superior Court, judicial district of Middlesex, Docket No. 66630, 8 CONN. L. RPTR. 593 (Apr. 15, 1993) (Higgins, J.). The latter phrase has been more specifically defined as "the recovery of damages for witnessing the death or injury to another without significant injury or fear [of injury] to the witness." Plaisance v. Texaco,Inc., 937 F.2d 1004, 1007 n. 3 (5th Cir., 1991). The legal theory by which people seek damages for emotional injuries resulting from the apprehension of harm to themselves is generally identified by one of two terms, either the generic term "negligent infliction of emotional distress" or, in some cases, the more descriptive term "the direct victim theory." Cavanaughv. Jones, 863 S.W.2d 551, 554 (Tex.App. 1993). In such cases, the plaintiff is directly and personally exposed to the tortious conduct. See Doe v. Cuomo, 43 Conn. Sup. 222, 233, 12 CONN. L. RPTR. 1 (1994) (construing prior Connecticut negligent infliction of emotional distress cases).
The plaintiffs claim that their emotional distress arises from the movants' infliction of harm upon their son by improperly treating him. While the plaintiffs couch their argument in terms of a violated duty owed them by the defendants, this does not alter the fact that their claim is based upon the movants' acts toward a third party — plaintiffs' complaint states a cause of action for bystander emotional distress, as argued by the movants, and it should be addressed in light of that line of cases. This is, however, a Pyrrhic victory for the movants because the Connecticut Supreme Court recently recognized a cause of action for bystander emotional distress in Clohessy v.Bachelor, 237 Conn. 31 (1996). Consequently, the court should consider the movants' alternative arguments, specifically that the plaintiffs' allegations are insufficient to maintain this cause of action and that bystander emotional distress is not permitted in a medical malpractice case.
The Supreme Court has addressed both of these issues. InMaloney v. Conroy, 208 Conn. 392, 393 (1988), the court held that "a bystander to medical malpractice may not recover for emotional distress." In Clohessy, the court set forth four requirements for CT Page 5041 establishing emotional distress: (1) the victim and bystander must be closely related; (2) "the bystander's . . . injury must be caused by the contemporaneous sensory perception of the event or conduct that causes the injury"; (3) "injury to the victim must be substantial"; and (4) the bystander's emotional injury must be serious. Clohessy v. Bachelor; supra, 52-54. The court in Clohessy, recognizing the need for specific limitations, emphasized the need to control the potential for unduly far-reaching liability in bystander emotional distress cases.
Medical malpractice cases are particularly susceptible to far-reaching liability.[2] Maloney v. Conroy, supra, 399-402 (discussing potential for unduly broad bystander liability in medical malpractice cases). Medical malpractice has been defined as "the failure of one rendering . . . [medical] services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . ." (Citations omitted; internal quotation marks omitted.) DiMaggiov. Makover, 13 Conn. App. 321, 322 (1988); and can include "liability predicated upon negligent release of a patient."Durflinger v. Artiles, 673 P.2d 86, 93 (Kan. 1983). Because the complaint alleges improper diagnosis and a negligent failure to transport the decedent to a medical facility, the negligent conduct allegedly committed by the defendants, Newtown Ambulance, Mary A.C. Hugo, and Does 1-5, relates directly to their medical treatment of the decedent and, therefore, constitutes an allegation of medical malpractice.
Furthermore, the plaintiffs do not allege that the plaintiffs contemporaneously perceived the tortious events or conduct committed by the movants upon the decedent. Contemporaneous perception is now required under Clohessy. Clohessy v. Bachelor,
supra Although the Supreme Court's decision in Maloney was rendered prior to Clohessy and was part of a series of cases rejecting the now recognized cause of action for bystander emotional distress, the rationale for the Court's rejection of bystander liability in medical malpractice cases has been reaffirmed by the Clohessy requirement of contemporaneous perception and by the Court's recent affirmation of the need to control liability.
The plaintiffs rely upon Doe v. Cuomo, 43 Conn. Sup. 222, 12 CONN. L. RPTR. 1, which allowed a claim for bystander emotional CT Page 5042 distress without contemporaneous perception. The reasoning of Doe
has now, however, been overruled by Clohessy. Doe states, in part, that the case law "when read together in concert with general principles of tort law, support[s] the proposition that where there is a duty, and a breach of that duty, and when it is reasonably foreseeable that illness or bodily harm could result, a cause of action exists notwithstanding the lack ofcontemporaneous sensory perception of the subject behavior."
(Emphasis added.) Doe v. Cuomo, supra, 43 Conn. Sup. 233-34.Clohessy, although adopting the reasonable foreseeability test, has specifically limited recovery to those who contemporaneously perceive the subject behavior. For these reasons, the court finds that the plaintiffs' eighth count fails to state a legally sufficient cause of action upon which relief may be granted. Accordingly, the defendants' motion to strike the eighth count is granted.
MORAGHAN, J.