[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed May 22, 1997
I.
FACTS
The plaintiffs, Gail Goodrich and Toni Goodrich, filed an eleven count complaint on January 10, 1996, seeking damages allegedly caused by an underground gasoline storage tank that had leaked. Two of the defendants, Elizabeth Hite Jennings as trustee for the trust of Eunice Mallory Hite for the benefit of Elizabeth Hite Jennings and Elizabeth Hite Jennings (the Jennings CT Page 4869 defendants), moved to strike the third, fifth, and sixth counts of the plaintiffs' complaint.
 II.
DISCUSSION
 A
Motion To Strike
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "In ruling on a motion to strike, the court is limited to considering the grounds specified in the motion." Meredith v.Police Commissioner, 182 Conn. 138, 140, 438 A.2d 27 (1980).
 B
Count Three: Res Ipsa Loquitur
The Jennings defendants seek to strike count three of the plaintiffs' complaint because it does not state a valid cause of action. The Jennings defendants argue that the claim of res ipsa loquitur in count three should be stricken because it is asserting the same cause of action as count one. The plaintiffs reason that the complaint is used to set forth one cause of action and the separate counts of the complaint assert various theories of recovery based upon the main cause of action.
The plaintiffs' interpretation of the term "cause of action" is wrong. Practice Book § 138 states in pertinent part that "[w]here separate and distinct causes of action, as distinguished from separate and distinct claims for relief founded on the same cause of action or transaction, are joined, the statement of the second shall be prefaced by the words Second Count, and so on for the others." (Emphasis in original.) According to the Practice Book, each count of the complaint states a separate cause of action, not a separate claim of relief. CT Page 4870
Res ipsa loquitur "is but a specific application of the general principle that negligence can be proved by circumstantial evidence." (Internal quotation marks omitted.) Giles v. NewHaven, 228 Conn. 441, 446, 636 A.2d 1335 (1994). It is not a separate cause of action. The Superior Courts that have dealt with a motion to strike a count of res ipsa loquitur in a complaint that also contains a count of negligence have granted the motion. Scace v. Hartford Hospital, Superior Court, judicial district of New London at New London, Docket No. 532378 (December 15, 1995, Hurley, J.); Blackburn v. Miller-Stephenson ChemicalCo., Superior Court, judicial district of Danbury, Docket No. 314089 (January 12, 1995, Stodolink, J.) (13 CONN. L. RPTR. 364);Estate of Shrader v. Alt. Coast Cable, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301114 (June 28, 1993, Fuller, J.); Estate of Just v. Aparo, Superior Court, judicial district of Middletown, Docket No. 65339 (April 27, 1993, Higgins, J.) (8 C.S.C.R. 542). Those Superior Courts have reasoned that the motion to strike should be granted "[s]ince it is not necessary to allege the elements of res ipsa loquitur in order to rely upon them, and since a plaintiff does not waive the right to rely upon the doctrine by pleading specific acts of negligence." (Emphasis in original.) Blackburn v. Miller-StephensonChemical Co., supra, 13 CONN. L. RPTR. 364. As such, the Jennings defendants' motion to strike count three of the complaint is granted.
 C
Count Five: Trespass
The fifth count of the plaintiffs' complaint alleges trespass. The Jennings defendants move to strike this count because it does not allege a forcible entry onto the plaintiffs' land. The plaintiffs contend that forcible entry is not a requirement for a claim of trespass.
The court in Blackburn v. Miller-Stephenson ChemicalCo., supra, 13 CONN. L. RPTR. 364, held that "forcible entry need not be alleged in order to make out a legally sufficient trespass claim." This court agrees with that decision. The Jennings defendants' motion to strike count five of the complaint is denied.
 D Count Six: Strict Liability for Ultrahazardous Activity CT Page 4871
The Jennings defendants move to strike count six of the plaintiffs' complaint on the ground that it "fails to state a claim upon which relief can be granted because the storage of gasoline in an underground tank is not an ultrahazardous activity." Motion To Strike Third, Fifth And Sixth Counts Of The Complaint On Behalf Of Elizabeth Hite Jennings As Trustee For The Trust Of Eunice Mallory Hite For The Benefit Of Elizabeth Hite Jennings And Elizabeth Hite Jennings, #121. The plaintiffs request that this court hold that the activity is an ultrahazardous one.
If an activity is held to be abnormally dangerous or ultrahazardous, synonymous terms in the law, then the perpetrator is strictly liable for any harm that activity causes. "Under this doctrine, a plaintiff is not required to show that his loss was caused by the defendant's negligence. It is sufficient to show only that the defendant engaged in an ultrahazardous activity that caused the defendant's loss." Green v. Ensign-Bickford Co.,25 Conn. App. 479, 482, 595 A.2d 1383 (1991).
"The issue of whether an activity is abnormally dangerous . . . is a question of law for a court to decide."Green v. Ensign-Bickford Co., supra, 25 Conn. App. 485. In Connecticut, two similar tests for whether an activity deserves strict liability treatment have been advanced. The Appellate Court has stated that "[t]he factors for a court to consider in determining whether an activity is abnormally dangerous are listed in § 520 of [volume 3 of the Restatement (Second) of Torts (1977)] as: (a) existence of a high degree of risk of some harm to the person, land or chattels of others; (b) likelihood that the harm that results from it will be great; (c) inability to eliminate the risk by the exercise of reasonable care; (d) extent to which the activity is not a matter of common usage; (e) inappropriateness of the activity to the place where it is carried on; and (f) extent to which its value to the community is outweighed by its dangerous attributes.'" Id., 486. The Connecticut Supreme Court has held that in order "[t]o impose liability without fault, certain factors must be present: an instrumentality capable of producing harm; circumstances and conditions in its use which, irrespective of a lawful purpose or due care, involve a risk of probable injury to such a degree that the activity fairly can be said to be intrinsically dangerous to the person or property of others; and a causal relation between the activity and the injury for which damages are claimed." CT Page 4872Caporale v. C.W. Blakeslee Sons, Inc., 149 Conn. 79, 85,175 A.2d 561 (1961).
This court will use the test articulated by the Appellate Court in Green v. Ensign-Bickford Co., supra, 25 Conn. App. 485. The Green test is more recent and allows the court to use the Restatement (Second) of Torts for interpretation, if necessary. Further, it does not conflict with the Supreme Court's version of the test, as it appears to be a more detailed version of that test. See The Connecticut Water Co. v. Thomaston, Superior Court, judicial district of Hartford at Hartford Docket No. 535590 (March 4, 1996, Corradino, J.) (16 CONN. L. RPTR. 213).
Although the potential harm from the storage of gasoline in an underground tank is great, that is the only ultrahazardous attribute which this activity displays. The degree of risk is not particularly high, as compared to that of blasting or pile driving; the two other activities held by the Connecticut Supreme Court to be ultrahazardous. See Whitman Hotel Corp. v. Elliot Watrous Engineering Co., 137 Conn. 562, 79 A.2d 591 (1951) (extending liability for blasting to vibration damage); see alsoCaporale v. C.W. Blakeslee Sons, Inc., supra, 149 Conn. 79
(holding that pile driving is an ultrahazardous activity). This activity is a matter of common usage in both residential and commercial areas, due to the great value of having a gasoline fueling station near any area through which gasoline powered vehicles must travel. Lastly, there is no evidence that the risks created by this activity cannot be eliminated by the exercise of reasonable care. Therefore, the storage of gasoline in an underground tank is not an ultrahazardous activity. Accordingly, the Jennings defendants' motion to strike count six of the plaintiffs' complaint is granted.
MINTZ, J.