[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #136
By way of an amended twenty-eight count complaint dated October 9, 1998, Jane Doe, a minor child, and her mother, Heidi Evans ("the plaintiffs"), commenced this suit against Ambrosia Jacome, Michael Green, William Hauser, King Conn Enterprises, and Burger King Corporation. The action stems from an incident in which Ambrosia Jacome, an employee of the Danbury Burger King, allegedly sexually assaulted the plaintiff Doe, a coworker, while both were working the evening shift. Defendant, Michael Green, was the senior manager on duty that night at the Danbury Burger King located at 66 Newtown Road, defendant, William Hauser, was the executive manager for that location, defendant, King Conn Enterprises ("King Conn"), is the owner of that franchise and defendant, Burger King Corporation ("Burger King"), is the franchise seller.
The defendants, King Conn and Burger King, move to strike fourteen counts brought against them. The plaintiffs, in their memorandum in opposition to the motion to strike, have no objection to the court striking counts six, nine, fourteen, fifteen, paragraph 104 of nineteen, twenty-one, twenty-three and CT Page 6173 twenty-eight. These are all of the counts brought against Burger King and therefore Burger King is out of this case. In addition, the plaintiffs at oral arguments agreed that count twenty-two is the same as count twelve and therefore do not object to it being stricken. King Conn moves to strike the five remaining counts. Counts five, eight and twenty-seven were brought on behalf of plaintiff Doe. They allege negligence, negligent hiring, and reckless or wanton and/or wilful misconduct, respectively. Counts eighteen and twenty, brought by the plaintiff Evans, allege loss of services with a request for punitive damages and negligent infliction of emotional distress.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corporation,240 Conn. 576, 580, 693 A.2d 293 (1997). "Practice Book . . . § 10-39
allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998).
King Conn (hereinafter "the defendant") argues that a corporation may only be directly liable for the tortious acts of their employees if the agents of the corporation authorized or ratified the improper conduct. Since the defendant's agents did not authorize or ratify Jacome's sexual assault, they are not liable for negligence, negligent hiring or reckless and wanton misconduct. The plaintiffs, on the other hand, contend that the defendant's failure to monitor the Danbury Burger King managers shows an implied ratification of any management acts or decisions.
In Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 505,656 A.2d 1009 (1995), the Supreme Court held that "[a] principal may be directly liable . . . for the acts of its agents that it authorizes or ratified." In Larsen, the plaintiff alleges interference with contractual relations and unfair competition, which are intentional torts. The court notes that "[i]n order to find that a corporation has committed an intentional act, a court or jury must find that the corporation committed, directed or CT Page 6174 ratified the intentional act." (Internal quotation marks omitted.) Id. In the present case, the plaintiffs allege that the defendant recklessly disregarded plaintiff Doe's rights by not ensuring her safety. However, the argument that the defendant's failure to check on the daily functions and management of the Burger King franchise is an implied in fact ratification of the manager's and employee's actions is too tenuous. To hold a corporation liable for the intentional tort of wilful and wanton misconduct requires specific authorization or ratification by an agent of the corporation. Lack of regular oversight does not mean that there was authorization to intentionally disregard safety procedures and sexually assault an employee. Therefore, count twenty-seven is stricken.
On the other hand, negligence and negligent hiring are torts that lack the element of intent, but require the plaintiffs to show the defendant owed them a duty. "The elements of a cause of action for negligence are duty, breach, causation and damages. . . . The elements of duty and breach require that a defendant's conduct constitutes fault in the performance of a duty owed to a plaintiff." Coste v. Riverside Motors, Inc.,24 Conn. App. 109, 112, 585 A.2d 1263 (1991). In the context of a corporate defendant, "[c]orporate negligence is the failure of the officers or directors who constitute the governing board of a corporation, acting as a board, to maintain the standard of conduct required of the particular corporation, rather than the personal negligence of the corporation's ordinary employees."Buckley v. Lovallo, 2 Conn. App. 579, 582, 481 A.2d 1286 (1984). "The employment of incompetent servants and agents would be an example of such a failure." Coolbaugh v. St. Peter's RomanCatholic Church, 142 Conn. 536, 539, 115 A.2d 662 (1955).
Moreover, Connecticut began to recognize a common law claim of negligent hiring when it held that this tort, "independent of the respondeat superior theory of liability" applies "to any situation where a third party is injured by an employer's own negligence in failing to select an employee fit or competent to perform the services of employment." Shore v. Stonington,187 Conn. 147, 155, 444 A.2d 1379 (1982). Finally, the Appellate Court noted that the Maryland Supreme Court found "an employer liable for the criminal, violent, or wrongful acts of his employees, including those that occur after working hours and away from the employer's place of business." Coste v. Riverside
Motors, Inc., supra, 24 Conn. App. 112 n. 3, citing, Cramer v. Housing Opportunities Commission, 304 Md. 705, 501 A.2d 35
CT Page 6175 (1985). Clearly, an employer, whether a corporate entity or not, is subject to direct liability in negligence for hiring or otherwise when the pleadings assert that an employee committed a sexual assault against another employee. It is undisputed that the defendant is the employer of the managers and the employee who worked at the Danbury Burger King.
Construing the facts in the present case most favorably to the plaintiff, the allegations support a cause of action for corporate negligence and negligent hiring by the defendant. Therefore, the motion to strike counts five and eight is denied.
The defendant contends that punitive damages may not be sought by the mother of the victim m a claim for loss of services and therefore the claim for relief, paragraph ninety-nine, which asks for punitive damages, must be stricken. in response, the plaintiffs assert that since they pleaded that the defendant's conduct was reckless and wanton in not providing a safe working environment for its employees, punitive damages may be awarded.
"When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as a loss of services and expenses, caused by the injury to the child." (Emphasis added; internal quotation marks omitted.) Dzenutis v.Dzenutis, 200 Conn. 290, 308, 512 A.2d 130 (1986); Shiels v.Audette, 119 Conn. 75, 77, 174 A. 323 (1934). Our courts "have defined consequential damages as `special damages [that] result from the natural consequences of the act complained of. . . .'" (Emphasis in the original.) City of Hartford v. InternationalAssn. of Firefighters, Local 760, 49 Conn. App. 805, 816,717 A.2d 258, cert. denied, 247 Conn. 920 (1998), quoting, WaterburyPetroleum Products, Inc. v. Canaan Oil Fuel Co., 193 Conn. 208,223 n. 16, 477 A.2d 988 (1984). See also General Statutes §52-204 (parent or spouse of plaintiff may recover for expenditures made on behalf of the injured party).
The plaintiff Evans is seeking punitive damages for the loss of services and companionship previously provided by her daughter, the victim in the case. However, the proper request for relief is that of consequential damages and therefore paragraph ninety-nine of count eighteen of the plaintiffs' amended complaint cannot survive. CT Page 6176
The plaintiff Evans alleges that the defendant is liable to her for negligently infliction of emotional distress, because she entrusted her daughter to the care and supervision of the defendant who did not reasonably maintain safe working conditions nor ensure the enforcement of the employment handbook. These actions, the plaintiffs allege, resulted in the daughter's rape and false imprisonment and caused the mother to suffer great mental distress. The defendant moves to strike this count because the requirements for a bystander emotional distress claim underClohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852 (1996) have not been sufficiently pleaded. In particular, the plaintiffs have failed to allege that the plaintiff Evans witnessed the incident or saw the victim immediately after the incident before a change in condition or location could occur, which is the second prong of the Clohessy test. Id., 52. The defendant further argues that the Clohessy case is the law for a third party's recovery for emotional distress, overruling any earlier decisions that held otherwise.
Additionally, the defendant contends that Doe v. Cuomo,43 Conn. Sup. 222, 649 A.2d 266 (1994), which is cited by the plaintiffs, is factually distinguishable, because in the present case, the defendant did not actually commit the act of violence and owed no duty to the mother of the plaintiff employee. InCuomo, negligent infliction of emotional distress was found to be a valid claim by a mother whose child was sexually assaulted by the defendant while an overnight guest in his home. The plaintiff Evans concedes that she was not within the zone of danger as required in a bystander emotional distress case, but argues that all that is required in a negligent infliction of emotional distress claim is that her suffering was foreseeable by the defendant and that the defendant owed her a duty to provide a safe working environment for her minor child. The plaintiff contends that she sufficiently pleaded the causal link between the breach of the defendant's management duty and her extreme emotional reaction to the news that her daughter had been raped at work.
In an emotional distress claim, a distinction must be made between the "plaintiff's apprehension of harm to himself . . . [and] from apprehension of harm to another." (Internal quotation marks omitted.) Shaham v. Wheeler, Superior Court, judicial district of Danbury, Docket No. 321879 (June 26, 1996, Moraghan,J.) (17 Conn. L. Rptr. 232, 233). While apprehension of harm to CT Page 6177 another is labeled as "bystander emotional distress," a person's own anxiety over possibly suffering an injury is termed "negligent infliction of emotional distress." Id., 233. Since the plaintiff mother in the present case was not distressed over harm to herself, but to that of her child, this is a bystander emotional distress case.[1]
In Clohessy, the Connecticut Supreme Court carefully analyzed and established the guidelines in making a claim of bystander emotional distress. One of the crucial requirements is that the "bystander's emotional injury must be caused by the contemporaneous sensory perception of the event or conduct that causes the injury . . . or by viewing the victim immediately after the injury causing event if no material change has occurred with respect to the victim's location and condition." (Citations omitted.) Clohessy v. Bachelor, supra, 237 Conn. 52. This limits the liability to foreseeable plaintiffs to avoid an onslaught of new claims. Id. 50. As a result, the decision by the Clohessy
court effectively overrules earlier lower court cases, such asDoe v. Cuomo, which held that the contemporaneous sensory perception requirement or zone of danger element does not need to be met as long as the plaintiffs can show that the defendants owed them a duty. See Shaham v. Wheeler, supra (17 Conn. L. Rptr. 234).
The fact that the victim would not have suffered the sexual assault if her mother was present does not take the plaintiff outside the requirements of Clohessy. The plaintiff mother must still show that the defendant owed her a legal duty to care for her daughter and that her resulting emotional distress from learning of the incident was reasonably foreseeable by the defendant. See Doe v. Cuomo, supra, 43 Conn. Sup. 226-27. Unlike in Doe v. Cuomo, where the court found that the defendant host had performed the act of violence against the victim to whom he agreed by implied contract to take care of, the defendant in the present case was the employer of the person accused of raping the plaintiff. See Id., 223. "Unless some relationship exists between the person injured and the defendant, by which the latter owes a duty to the former, there can be no liability for negligence." (Internal quotation marks omitted.) Frankovitch v. Burton,185 Conn. 14, 20, 440 A.2d 254 (1981). Even taking the facts in the light most favorable to the plaintiff, the defendant did not have an implied contract with the mother to take care of the teenage employee. She is clearly not a foreseeable plaintiff. CT Page 6178
Since the plaintiff mother did not witness the tortious conduct nor come on the scene immediately afterwards before the conditions had changed, she cannot make a claim for bystander emotional distress against her daughter's employer. Moreover, she cannot sue for negligent infliction of emotional distress because she was never in apprehension of harm to herself. Therefore, count twenty is stricken.
For the foregoing reasons, the motion to strike counts twenty, twenty-two and twenty-seven are, accordingly, granted. The motion to strike paragraph ninety-nine of count eighteen is also granted. The motion to strike counts five and eight are denied.
Stodolink, J.