[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#102)
Before the court are the defendants Strick Woods, M.D. and Gastroenterology Associates of Fairfield County, P.C.'s motion to strike count four through six of the plaintiff's complaint. The complaint alleges the following facts. The plaintiff, Kimberly Barnett, worked for the defendants, Strick Woods, M.D., and Gastroenterology Associates of Fairfield County, P.C. The plaintiff's complaint alleges that on several occasions Woods sexually harassed her when he engaged in offensive conversation of a sexual nature. The plaintiff further alleges that Woods, on one occasion, grabbed the plaintiff's upper arm and shouted at her.
The defendants now move to strike counts four (negligent hiring), five (invasion of privacy) and six (breach of good faith) of the plaintiff's complaint on the ground that they are legally insufficient. The defendant's have filed a memorandum in support of their motion and the plaintiff has filed a memorandum in opposition thereto.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions CT Page 9226 stated in the pleadings." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997).
 A Count Four — Negligent Hiring
The defendants argue that count four is legally insufficient because Connecticut does not recognize a cause of action for negligent hiring when the action is brought by an employee as opposed to a member of the public who claims injury as a result of the actions of an employee of the defendant employer. In response, the plaintiff argues that this court should recognize such a cause of action.
"Under Connecticut law, a defendant does not owe a duty of care to a plaintiff to protect her from another employee's actions unless the defendant knows or has reason to know that the employee has a propensity to engage in tortious conduct. . . . In such instances, the defendant's liability is not vicarious, but direct and personal." (Citations omitted; internal quotation marks omitted.) Karanda v. Pratt WitneyAircraft, Superior Court, judicial district of Hartford at Hartford, Docket No. 582025 (May 10, 1999, Hale, J.T.R.) (24 Conn.L.Rptr. 521, 527). "Clearly, an employer, whether a corporate entity or not, is subject to direct liability in negligence for hiring or otherwise when the pleadings assert that an employee committed a sexual assault against another employee." Doe v. Jacome, Superior Court, judicial district of Danbury, Docket No 331360 (May 13, 1999, Stodolink, J.) (24 Conn. L. Rptr. 591, 592).
In the present case, the plaintiff has alleged that she was subjected to sexual harassment by another employee. The plaintiff has not expressly alleged that Gastroenterology Associates knew or should have known that the tortious conduct was occurring. Nonetheless, paragraph twenty-eight of the fourth count states that the plaintiff made repeated complaints to various employees and managers, including Woods himself. Further, paragraph twenty-five alleges that the plaintiff informed three of Gastroenterology Associates' agents, the office manager, the billing supervisor, and Gastroenterology Associates' administrator, of the hostile and intimidating work environment. "The knowledge of individual officers and employees at a certain level of responsibility will be deemed the knowledge of the corporation; where the level of responsibility begins must be discerned from the circumstances of each case." (Internal quotation marks omitted.) E. Udolf, Inc. v. AetnaCasualty Surety Co., 214 Conn. 741, 748-49, 573 A.2d 1211 (1990). It can be fairly and reasonably inferred from the facts in the complaint that the office manager, billing supervisor and the administrator were CT Page 9227 charged with a level of responsibility that may justify imputing their knowledge onto Gastroenterology Associates. Hence, because these individuals knew, or should have known, that the conduct was occurring, Gastroenterology Associates knew or should have known the conduct was occurring, and, therefore, the plaintiff has alleged sufficient facts to satisfy the notice requirement. Therefore the plaintiff has alleged sufficient facts to sustain a cause of action for negligent hiring.
 B Count Five — Invasion of Privacy
The defendants argue that count four does not allege sufficient facts to sustain a cause of action for invasion of privacy based on intrusion into the plaintiff's solitude and well being. The defendants maintain that the conduct alleged is not highly offensive to the reasonable person. In response, the plaintiff argues that the conduct alleged is highly offensive to a reasonable person.[1]
Several Connecticut courts have found as sufficient a claim for an unreasonable intrusion upon the seclusion of another [as being] presented by factual scenarios in which the plaintiff has been subjected to both offensive verbal comments as well as unwanted physical contact. Bonannov. Dan Perkins Chevrolet, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 066603 (February 4, 2000 Nadeau,J.).[2] In the present case the plaintiff has alleged both offensive verbal comments and a physical touching, which are sufficient to sustain a cause of action for an invasion of privacy. Therefore, the defendants' motion to strike count five is denied.
 C Count Six — Breach of Good Faith
The defendants argue that the court should strike count six of the plaintiff's complaint because the plaintiff has a statutory remedy under the Connecticut Fair Employment Practices Act, General Statutes §46a-51 et seq., and, therefore, the plaintiff may not pursue a common-law claim against her employer. In response, the plaintiff argues that the statutory remedies are inadequate.
In order to maintain a cause of action for breach of good faith where there is an at-will employee,[3] the plaintiff must allege a violation of public policy. See Parsons v. United Technologies Corp., 243 Conn. 66,76, 700 A.2d 655 (1997). In addition, the plaintiff must be otherwise without remedy. See Burnham v. Karl Gelb, 252 Conn. 153, 165, CT Page 9228745 A.2d 178 (2000). In the present case, the plaintiff has an adequate statutory remedy under the Connecticut Fair Employment Practices Act. A plaintiff's preference for a particular remedy that is not afforded by the statute does not make the remedy that is afforded inadequate. See id.
Accordingly as the plaintiff has an adequate statutory remedy, the defendants' motion to strike count six of the plaintiff's complaint is granted
Based on the foregoing, the court denies the defendants' motion to strike counts four and five, and grants the motion as to count six.
SKOLNICK, J.